late court affirmed the order. In neither of these cases was the question, whether an order granting a new trial is such a final judgment as may be appealed from, discussed in the opinion. On the other hand, the Supreme Court held in Lance v. Bonnell, 105 Pa. 46, that even after judgment the court may, during the term at which it was entered, allow a rule for a new trial nunc pro tunc and make it absolute, and quashed the writ of error, because, as stated in the opinion of Mr. Justice CLARK, as the verdict and judgment were both set aside, the cause was open for further proceedings therein. "It follows therefore," to quote the language of the opinion, "that this writ of error cannot be sustained; there is no judgment, decree or sentence of the court below, which can be the subject of review here." See also Hambleton v. Yocum, 108 Pa. 304. In Com. v. Gabor, 209 Pa. 201, the Supreme Court, while refusing to quash the appeal because of the peculiar state of the record, expressly conceded that ordinarily an order for a new trial is not to be treated as a final judgment from which an appeal will lie. There is nothing in the case before us to take it out of the general rule. Whether, after a retrial of the case and a judgment on the verdict the action of the court complained of will be assignable for error on the appeal then taken, we do not now decide. What we decide is that the order granting a new trial upon the ground that the verdict was against the weight of the evidence is not a final judgment from which an appeal lies.

Appeal quashed.

---

## Clever, Appellant, *v.* Clever.

Argued March 14, 1910. Appeal, No. 16, March T., 1910, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1907, No. 441, on verdict for defendant in case of Joseph Clever v. Conrad Clever. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Foreign attachment in assumpsit. Before SADLER, P. J.

See Clever v. Clever, 38 Pa. Superior Ct. 66.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and instructions.

*E. M. Biddle, Jr.,* with him *F. B. Sellers, Jr.,* for appellant.

*S. B. Sadler,* with him *W. R. Johnston,* for appellee.

Per Curiam, April 18, 1910:

The six judges who heard this case being equally divided in opinion the judgment is affirmed.

---

# Commonwealth v. Quinn, Appellant.

*Criminal law—Indictment—Larceny—Larceny by bailee—Receiving stolen goods—Practice, Q. S.*

1. Counts charging larceny by bailee, larceny, and receiving stolen goods, may all be joined in one indictment, and a conviction on a count charging larceny by bailee will be sustained although the jury rendered a verdict of acquittal on the other two counts.

*Appeals—Assignments of error—Paper-books.*

2. Where on an appeal in a criminal case the charge and the evidence are not printed in the appellant's paper-book, assignments of error relating to the charge of the court will not be considered if the appellate court cannot dispose of the case on the merits, without having the charge and the evidence before it.

Argued March 17, 1910. Appeal, No. 8, Oct. T., 1910, by defendant, from judgment of Q. S. Bucks Co., Sept. Sessions, 1909, No. 31, on verdict of guilty in case of Commonwealth v. Mary Louisa Quinn. Before Rice, P. J., Henderson, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Indictment for larceny as bailee, etc. Before Stout, P. J. The opinion of the Superior Court states the case.